**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**MENDERIL COHEN** **PETITIONER**

**V.** **NO. 1:26-CV-62-DMB-JMV**

**THE ATTORNEY GENERAL OF**
**THE STATE OF MISSISSIPPI** **RESPONDENT**

## OPINION AND ORDER

The State of Mississippi moves to dismiss Menderil Cohen's 28 U.S.C. § 2254 petition for a writ of habeas corpus on failure to exhaust grounds. Because Cohen did not present his federal habeas claims to the state's highest court, the motion to dismiss will be granted.

### I
### Background and Procedural History

On March 17, 2022, a grand jury in Monroe County, Mississippi, returned a one-count Indictment against Menderil Cohen charging him with first-degree murder in violation of Mississippi Code § 97-3-19(1)(a). Docs. #14-1 at PageID 16–17. After a mental evaluation of Cohen was conducted at his request to determine whether he was competent to stand trial, the Circuit Court of Monroe County concluded on January 29, 2025, that Cohen was competent to stand trial, assist his attorney, and enter a guilty plea. *Id.* at PageID 37, 40–42, 57. The same day, once the Circuit Court reduced the charge against Cohen on the parties' joint ore tenus motion, Cohen pled guilty to second-degree murder.[1] *Id.* at PageID 53, 59. After accepting Cohen's guilty plea, the Circuit Court sentenced Cohen to forty years in the custody of the Mississippi Department of Corrections ("MDOC"), with ten years of such suspended, followed by five years of post-release

[1] At his plea hearing, Cohen confirmed that his guilty plea was made freely and voluntarily, that he was satisfied with the legal services and advice of his attorney, and that his attorney properly represented his best interest in the case. Doc. #14-1 at PageID 58, 59.

supervision. *Id.* at PageID 54, 59. Cohen is currently in MDOC custody housed at the Alcorn County Regional Correctional Facility in Corinth, Mississippi. Doc. #1 at PageID 1.

On January 5, 2026, Cohen signed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was filed in the United States District Court for the Southern District of Mississippi on January 23. Doc. #1. Cohen's § 2254 petition was transferred to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 2241(d) on April 24. Doc. #8.

The State filed a motion to dismiss Cohen's petition on July 13. Doc. #15. Cohen did not respond to the motion.

## II
## Discussion

Cohen's petition states one ground for relief—"Time Reduction."[2] Doc. #1 at 6. The State submits that "[Cohen's] petition should be dismissed without prejudice for his failure to exhaust." Doc. #15 at 1.

### A. Exhaustion

A petitioner must exhaust his available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). The exhaustion

[2] Before the transfer of this case from the Southern District of Mississippi, the Southern District Court ordered Cohen to explain why he is entitled to a sentence reduction. Doc. #6. In response, Cohen elaborated:

> I was given a court appointed lawyer … and she didn't want me to go to trial, the evidence against me was not concreate [sic]. … I feel like she didn't want to fight for me at trial and she told me my best option is to take a plea deal. … I didn't receive my motion discovery until 2 weeks before it was time to either go to trial or take a plea deal. I feel like if I would have went to trial I would not be in prison today. Since I have been in Jail County and Prison I have not been in any trouble[.] I am RVR free[.] I am also taking classes which I have graduated 2 of them and working on my third one which I would be graduating in 2 weeks. I am not a trouble maker I get along with everybody I am around. I have a high school diploma and also took some college class at EMCC …. I was sentenced to 40 years in Prison with 10 suspended and 30 to serve I feel like that's to [sic] much time for me and with no solid evidence to support my charge[.]

Doc. #7.

requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner to give it a fair opportunity to address the claims. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam); *accord Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997); *Richardson v. Procunier*, 762 F.2d 429, 430–31 (5th Cir. 1985). If a petitioner fails to exhaust his claims before requesting federal habeas relief, his federal habeas petition should be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Cohen concedes that he has not raised the claims in his petition in any state court.[3] Doc. #1 at 6–8; *see* Doc. #15-5 (Monroe County Circuit Court docket). So, the Mississippi Supreme Court—the highest state court in Mississippi—has not had an opportunity to consider Cohen's claims. Because Cohen failed to exhaust his available state court remedies, his federal habeas petition will be dismissed. 28 U.S.C. § 2254(b)(1), (c).[4]

**B. Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Because Cohen's petition for writ of habeas corpus is

[3] In explaining why he has not exhausted his claims, Cohen simply states in his petition that he "[d]id not have knowledge of it." Doc. #1 at 6.

[4] The State argues that "[t]his Court should … decline to *sua sponte* stay and abate this federal habeas proceeding" because "Cohen's arguments fall short of establishing the requisite 'good cause' to excuse his failure to exhaust his claims." Doc. #15 at 5, 7. "A district court abuses its discretion in denying a *Rhines* stay only if (1) there was good cause for failing to exhaust the claim in state court, (2) the claim is potentially meritorious, and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Tong v. Lumpkin*, 90 F.4th 857, 863 (5th Cir. 2024) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Because Cohen's claimed ignorance of the legal process does not constitute sufficient good cause for a failure to exhaust, the Court will not stay this federal habeas proceeding to allow Cohen to litigate in state court his unexhausted claims. *Rhines*, 544 U.S. at 277.

rejected on procedural grounds, Cohen must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## III
## Conclusion

The State's motion to dismiss [15] is **GRANTED**; Cohen's habeas petition is **DISMISSED without prejudice**; and a certificate of appealability is **DENIED**. A separate judgment will issue.

**SO ORDERED**, this 17th day of August, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**